## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4748 | **DATE** | 9/2/2008 |
| **CASE TITLE** | Leonard A. Liggins vs. Village of Phoenix, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff Leonard A. Liggins' Complaint [1] and *In Forma Pauperis* Application [4] are each dismissed without prejudice. Liggins is granted thirty days in which to file a First Amended Complaint consistent with this order, on or before October 3, 2008. At the time he submits his First Amended Complaint, Liggins must also either file an Amended *In Forma Pauperis* Application and Financial Affidavit or pay the full $350 filing fee. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case.

■[ For further details see text below.]   Notices mailed.

### STATEMENT

On August 20, 2008, plaintiff Leonard A. Liggins ("Liggins") filed a Complaint seeking redress for violations of his equal protection and due process rights in relation to an unidentified lawsuit that proceeded in state court. Liggins asserts that "all Defendants and their attorneys along with the named Circuit Court Judges in this suit that sat in preliminary hearings toward trial did in fact work in implied or actual manners that ultimately culminated in denying Plaintiff Liggins the aforementioned rights." (Compl. at 1.) Although Liggins admits that "the dates, times and chronological events leading to those denials are of most relevant merit," none of these details are included in the Complaint as filed. Liggins informs the court that the factual basis for his allegations will be "entered and brought before the Bench as evidence for the Judges [sic] review at a subsequent filing upon completion of compilation." (*Id.*) He also assures the court that "there is enough factual content residing in the pages of the original State Civil Suit that was brought forward in Cook County Illinois Circuit Court" to support his allegations of wrongdoing. (*Id.*) Along with his Complaint, Liggins has filed an *In Forma Pauperis* Application and Financial Affidavit.

Requests to proceed IFP are reviewed under 28 U.S.C. § 1915. To ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent litigant to commence an action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988). However, the court must deny a request to proceed IFP if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2); *See Hutchinson on Behalf of Baker v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of § 1915 to cases brought by non-prisoners).

In this case, because the Complaint does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," the court finds that Liggins has failed to adequately state a claim for which relief may be granted. *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1969 (May 21, 2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To satisfy this threshold requirement, Liggins must include in his Complaint "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. The focus of the court's analysis is on whether the complaint provides "enough detail to illuminate the nature of the claim and allow defendants to respond." *George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007). Liggins has not included *any* details that would allow the defendants to respond to his Complaint, such as the caption or case number of any relevant state lawsuit, the dates on which the defendants are alleged to have deprived Liggins of his constitutional rights, or the actions or omissions by the defendants that are alleged to have been unconstitutional.

Furthermore, Liggins has failed to demonstrate that he meets the eligibility requirements for proceeding as an indigent litigant. In his *In Forma Pauperis* Application and Financial Affidavit, Liggins reports that in the past twelve months either he (or someone else living at the same address) has received more than $200 from rent payments; however, Liggins does not list the amount received in rent payments or the person to whom these payments were made. Liggins also indicates that he (or someone living at the same residence) owns some type of real estate, but again Liggins fails to list any information regarding the real estate in the spaces provided. Because his financial affidavit is incomplete, the court finds that Liggins has failed to support his allegations of poverty. (The court also notes that, in the judge's copy of his Financial Affidavit, Liggins has checked the box indicating receipt of social security payments—again, without providing any detail. This conflicts with the information provided by Liggins in the Financial Affidavit he submitted for filing with the court. In the future, Liggins must ensure that the judge's copy of any filing is an exact duplicate of his submission with the Clerk's Office.)

For the reasons stated above, the court dismisses Liggins' Complaint and *In Forma Pauperis* Application without prejudice. Liggins is granted thirty days in which to file a First Amended Complaint setting forth his allegations against the defendants and the grounds upon which these claims rest. Any exhibits Liggins wants the court to consider in its threshold review of the First Amended Complaint must be attached. At the time he submits his First Amended Complaint, Liggins must also either file an Amended *In Forma Pauperis* Application and Financial Affidavit consistent with this order, or pay the full $350 filing fee. Failure of the plaintiff to comply with this order within thirty days, by October 3, 2008, will result in summary dismissal of this case.

| | Courtroom Deputy Initials: | A.M.M. |
|---|---|---|